UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-00394-TNM |
| : | |
| MATTHEW MARTIN, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION IN LIMINE REGARDING
CROSS-EXAMINATION ABOUT U.S. SECRET SERVICE PROTECTION**

The United States of America moves to limit the cross-examination of witnesses regarding United States Secret Service protection at the Capitol on January 6, 2021, pursuant to Fed. R. Evid. 401, 403, and 611(b).[1]

**INTRODUCTION**

Counts One and Two of the Information charge the defendant with violating 18 U.S.C. § 1752(a)(1) and (2) by knowingly entering or remaining in a restricted building or grounds without lawful authority and knowingly, and with intent to impede or disrupt the orderly conduct of Government business and official functions, engaging in disorderly or disruptive conduct in, or within proximity of, any restricted building or grounds, when such conduct does in fact impede or disrupt Government business and official functions. Information, ECF No. 9. Section 1752 defines "restricted buildings or grounds" to include any building or grounds temporarily visited by a person being protected by the Secret Service. 18 U.S.C. § 1752(c)(1)(B).

---

[1] The Court recently denied a similar Motion in Limine filed by the government in a different case arising from the events of January 6, 2021. *See* Order, ECF No. 36, *United States v. Nicholas Rodean*, 21-CR-57 (TNM). The government notes that the charging document in this case does not contain the information cited in the Court's Order in *Rodean*, *compare* Information, ECF No. 9, *United States v, Matthew Martin*, 21-CR-394 (TNM), *and* Superseding Indictment, ECF No. 12, *United States v. Nicholas Rodean*, 21-CR-57 (TNM). Thus, the instant case is factually distinct.

To meet its burden of proof at trial, the government may call a witness to testify that at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol. These officials will further testify about the Capitol breach's effect on the Secret Service's protection of Vice President Pence and his family members.

However, the very nature of the Secret Service's role in protecting the Vice President and his family implicates sensitive information related to that agency's ability to protect high-ranking members of the Executive branch and, by extension, national security. Thus, the government seeks an order limiting the cross-examination of witnesses to questioning about the federally protected function performed by the Secret Service as testified to on direct exam, in this case protecting the Vice President and his family. The government further requests that such order preclude cross-examination that would elicit information that is not directly related to whether the Secret Service was performing that function at the Capitol on January 6, 2021. The defendant should be specifically foreclosed from questioning the witnesses about the following:

1. Information related to the location within the Capitol or its grounds to which the Vice President and his family, or their motorcade, were taken once the riot began on January 6, 2021;

2. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;

3. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

**ARGUMENT**

**I.      This Court Has the Discretion to Limit Cross-Examination of Witnesses at Trial**

It is well-established that a district court has the discretion to limit cross examination. *See Alford v. United States,* 282 U.S. 687 (1931) ("The extent of cross-examination [of a witness] with respect to an appropriate subject of inquiry is within the sound discretion of the trial court."). A court has the discretion to prohibit cross-examination that goes beyond matters testified to on direct examination. Fed. R. Evid. 611(b). This is particularly so when the information at issue is of a sensitive nature. *See*, *e.g.*, *United States v. Balistreri,* 779 F.2d 1191, 1216-17 (7th Cir. 1985) (upholding district court's decision to prohibit cross-examination of agent about sensitive information about which that agent did not testify on direct examination and which did not pertain to the charges in the case), *overruled on other grounds* by *Fowler v. Butts,* 829 F.3d 788 (7th Cir. 2016). Other permissible reasons for limiting cross-examination include preventing harassment, prejudice, confusion of the issues, or repetitive, cumulative, or marginally relevant questioning. *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986).

The Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Even evidence that may be relevant to an affirmative defense should be excluded until the defendant sufficiently establishes that defense through affirmative evidence presented during his own case-in-chief. *See United States v. Lin,* 101 F.3d 760, 768 (D.C. Cir. 1996) (acknowledging trial court has discretion to limit cross-examination on prejudicial matters without reasonable grounding in fact); *United States v. Sampol,* 636 F.2d 621, 663-64 (D.C. Cir. 1980) (holding that trial court properly limited cross-examination of alleged CIA murder scheme until defense put forth sufficient evidence of the affirmative defense in its

3

case-in-chief); *United States v. Stamp,* 458 F.2d 759, 773 (D.C. Cir. 1971) (finding trial court properly excluded cross examination of government's witness with response to matter only related to an affirmative defense and not elicited through direct exam). Preventing the defendant from exploring the topics identified above will not infringe his Confrontation Clause rights because those topics are not relevant to an element at issue in the case, provide no basis for impeaching witnesses, and do not implicate any affirmative defense.

>    II.    **Cross-Examination of Witnesses on this Topic Should Be Limited to Whether the Capitol Breach Interfered with a Federally Protected Function and Whether the Capitol was Restricted on January 6, 2021**

To prove Counts One and Two, the government intends to offer testimony that pursuant to authority under 18 U.S.C. § 3056(a)(1), on January 6, 2021, Secret Service agents were at the Capitol to protect Vice President Mike Pence and two members of his immediate family.[2] Witnesses are further expected to explain how the events at the Capitol on that date affected the Secret Service's ability to protect Vice President Pence and his family. This testimony will be offered to establish that the Capitol and its grounds were "restricted," for purposes of § 1752(a) because the Vice President and his family were present there and being protected by the Secret Service. *See* 18 U.S.C. § 1752(c)(1)(B) (defining restricted buildings and grounds).

Cross-examination of witnesses about extraneous matters beyond the scope of direct examination should be excluded as irrelevant and an unnecessary intrusion into sensitive national security matters. The fact that the Vice President, his family, and their motorcade had to be moved for safety is relevant to whether the civil disorder adversely affected the Secret Service's ability to protect those individuals. But the location to which they were moved, or the Secret Service's general protocols about relocation for safety, should be excluded as irrelevant because such

---

[2] The Secret Service is authorized to protect the Vice President and his immediate family. 18 U.S.C. §§ 3056(1) and (2).

evidence does not tend to make a fact of consequence more or less probable. Fed. R. Evid. 401 (defining relevant evidence). Similarly, evidence of the nature of Secret Service protective details is not relevant in this case. The number or type of assigned agents on a protective detail does not alter the probability that the disorder interfered with the Secret Service's duties to protectees in this case, or that the Capitol and its grounds were restricted at the time. None of the other elements to be proven, or available defenses, implicates further testimony from the Secret Service.

Further, those topics implicate sensitive matters of national security. Hopefully, January 6, 2021, will be the last time that the Secret Service has to evacuate the Vice President (or the President) to a secure and secret location inside the United States Capitol. But if it is not, providing enemy nations or terrorists with information that would help them capture or kill those officials could be devastating.

Even assuming the evidence to be excluded is marginally relevant, such relevance is substantially outweighed by the danger of confusion of the issues, mini-trials, undue delay, and waste of time. *See United States v. Mohammed,* 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005) (finding that information having broader national security concerns can be excluded under Rule 403 because its tendency to confuse the issues, mislead the jury, create side issues or a mini-trial can result in undue prejudice that substantially outweighs any probative value). Broader cross-examination of witnesses could compromise national security without adding any appreciable benefit to the determination of the truth, or the veracity or bias of witnesses. *Id.*

### III. The Government Requests an *In Camera* Proceeding to Determine the Admissibility of Certain Evidence

If this court determines that a hearing is necessary to determine the admissibility of testimony about Secret Service protection, the government requests the hearing be conducted *in camera* and ex parte. Courts have found that disclosure of information could prove detrimental to

the Secret Service's ability to protect high-level government officials and affect our national security justify *ex parte*, *in camera* proceedings. *See Gilmore v. Palestinian Interim Self-Gov't Auth.,* 843 F.3d 958, 968 (D.C. Cir. 2016) (*ex parte* proceedings are appropriate where a party sought sensitive intelligence materials generated in the midst of a geopolitical conflict); *United States v. Kampiles,* 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that in camera ex parte proceedings to evaluate bona fide Government claims regarding national security information are proper."); *In re Taylor,* 567 F.2d 1183, 1188 (2d Cir. 1977) (finding that in camera proceedings "serve to resolve, without disclosure, the conflict between the threatened deprivation of a party's constitutional rights and the Government's claim of privilege based on the needs of public security"); *United States v. Brown,* 539 F.2d 467, 470 (5th Cir. 1976) (*per curiam*) (same); *see generally United States v. Nixon*, 418 U.S. 683, 714 (1974) (affirming district court's order for in camera inspection of subpoenaed presidential materials).

## CONCLUSION

For these reasons, the United States requests that this court enter an order, as described above, limiting cross-examination of any witness about U.S. Secret Service protection, regardless of whether that witness is called by the government or the defense. If this court determines an evidentiary hearing is necessary to rule on this motion, the government asks that the hearing be held *in camera* and *ex parte*.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:  *s/ Michael J. Romano*
MICHAEL J. ROMANO
IL Bar No. 6293658
Trial Attorney, Detailee
555 4th Street, N.W.
Washington, DC 20530
Michael.Romano@usdoj.gov
(202) 307-6691

*s/ Mary L. Dohrmann*
MARY L. DOHRMANN
NY Bar No. 5443874
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035